IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

JOHNNY L. MILLIGAN              )
                               )
            Petitioner,        )
                               )
        v.                     )        No. 15-3012
                               )
GOVERNMENT OF THE DISTRICT,    )
                               )
            Respondent.        )

RESPONDENT'S MOTION TO RECAPTION,
AND FOR EXTENSION OF TIME

The United States respectfully requests that the Court recaption this matter

to designate the Merit Systems Protection Board (MSPB) as respondent.   In

addition, respondent respectfully requests that the Court grant an extension of time

of 21 days from the date of the Court's disposition of this motion within which

respondent may file its brief.  Counsel for the MSPB, Ms. Lindsey Schreckengost,

has represented that the MSPB supports this motion.  The petitioner, Johnny L.

Milligan, who is proceeding *pro se*, has represented that he objects to this motion.

Mr. Milligan seeks review of a final MSPB order that dismissed his petition

because the board does not possess jurisdiction to entertain it.  A10-15.[1]  The

MSPB dismissed Mr. Milligan's appeal because he did not qualify as an

"employee" in the Federal civil service under 5 U.S.C. § 2105.  A12-13.

---

[1] "A__" refers to a page of the appendix to this motion.

Therefore, he did not have appeal rights to the MSPB.  A12-13.  In addition, the
MSPB held that Mr. Milligan failed to satisfy the jurisdictional prerequisites for
bringing a claim under the Veterans Employment Opportunities Act of 1998
(VEOA).  A12-13.

### STATEMENT OF FACTS AND COURSE OF PROCEEDINGS

Mr. Milligan worked as a support services specialist for the government of
the District of Columbia's Office of Planning.  A11.   On September 11, 2009, the
Office of Planning removed him from his position pursuant to a reduction in force.
A11.  Mr. Milligan appealed his separation to the D.C. Office of Employee
Appeals, which sustained Mr. Milligan's separation.  A11.  He then appealed to the
D.C. Superior Court, which denied his petition for review.  A11.

After losing his case in the D.C. Superior Court, Mr. Milligan filed an
MSPB appeal.  A11.  On September 27, 2013, the MSPB administrative judge
dismissed Mr. Milligan's appeal finding that the board did not possess jurisdiction
because Mr. Milligan was not a member of the Federal civil service.  A2.
Therefore, he had no appeal rights to the MSPB.  A2.  Instead, he had rights under
the D.C. personnel system, which the judge noted Mr. Milligan had pursued prior
to bringing his MSPB case.   A2.

In addition, the administrative judge found that the board did not possess
jurisdiction over Mr. Milligan's VEOA claim.  A2-3.  Under the VEOA, the MSBP

can hear appeals of veterans who allege a violation of their rights pursuant to a veteran's preference. A3. However, a jurisdictional prerequisite for bringing a VEOA appeal before the MSBP is that a petitioner must first file a complaint and exhaust his administrative remedies before the United States Department of Labor. A3. Mr. Milligan failed to file a complaint with the Department of Labor. A3. Therefore, the administrative judge found that the board did not possess jurisdiction over his VEOA claim. A3.

Mr. Milligan filed a petition for review of the initial decision. The MSPB denied Mr. Milligan's petition, concluding that the administrative judge correctly dismissed his appeal for lack of jurisdiction. A13.

Mr. Milligan then filed an appeal in the Federal Circuit.

## DISCUSSION

This case involves issues that relate solely to the MSPB's jurisdiction. The MSPB is the proper respondent when the petition for review solely addresses the jurisdiction of the MSPB. *Spruill v. Merit Sys. Prot. Board*, 978 F.2d 679, 686 (Fed. Cir. 1992); *see also Mindana v. OPM*, 985 F.2d 1070, 1072 (Fed. Cir. 1993) (applying *Spruill*). In such cases, 5 U.S.C. § 7703, the statute governing judicial review of MSPB decisions, provides as follows:

> *The Board shall be named respondent* in any proceeding brought pursuant to this subsection, *unless the employee* or applicant for employment *seeks review of a final order or decision on the merits* on the underlying personnel

action or on a request for attorney fees, in which case the
agency responsible for taking the personnel action shall
be the respondent.

5 U.S.C. § 7703(a)(2) (emphasis added).  Because the MSPB dismissed Mr.

Milligan's petition for review for jurisdictional reasons without reaching the

merits, the MSPB is the proper respondent.  Therefore, the caption of this appeal

should be reformed to name the MSPB as the respondent.

## CONCLUSION

For these reasons, we respectfully request that the case be recaptioned to

designate the MSPB as the respondent.  In addition, we respectfully request that

the Court grant an extension of time of 21 days from the date of the Court's

disposition of this motion within which respondent may file its brief.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Deborah A. Bynum.
DEBORAH  A. BYNUM
Assistant Director

/s/ Joshua D. Schnell
JOSHUA D. SCHNELL

Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Washington, D.C.  20044
Tel: (202) 616-0383
Fax: (202) 307-0972
joshua.d.schnell@usdoj.gov

December 10, 2014                    Attorneys for Respondent

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| JOHNNY L. MILLIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 15-3012 |
| | ) | |
| GOVERNMENT OF THE DISTRICT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After review of respondent's motion to recaption and all other relevant papers, IT IS ORDERED THAT the motion is GRANTED, and the Merit Systems Protection Board shall be named as respondent in this action.

IT IS FURTHER ORDERED THAT the board shall have 21 days from the date of this order within which to file its brief.

FOR THE COURT:

Dated: _____

_____

Washington, D.C.

## <u>APPENDIX TABLE OF CONTENTS</u>

Initial Decision of MSPB Administrative Judge (Sept. 27, 2013)……………….A1

Final Order of MSPB (Aug. 11, 2014)………………………………….....A10

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

JOHNNY L. MILLIGAN,
          Appellant,

DOCKET NUMBER
DC-0351-13-1299-I-1

    v.

GOVERNMENT OF THE DISTRICT
    OF COLUMBIA,
          Agency.

DATE: September 27, 2013

Johnny L. Milligan, Fairfax, Virginia, pro se.

Frank J. McDougald, Esquire, washington dc, D.C., for the agency.

### BEFORE
Sarah P. Clement
Administrative Judge

### INITIAL DECISION

The appellant filed an appeal of his separation by reduction in force (RIF), which he also alleged violated his rights to veteran's preference under the Veterans Employment Opportunities Act of 1998, 5 U.S.C. § 3330a (VEOA). For the following reasons, the appeal is DISMISSED for lack of jurisdiction.

### BACKGROUND

The appellant was employed by the government of the District of Columbia in its Office of Planning as a support services specialist. He was separated by RIF on September 11, 2009. *See* Appeal File (AF), Tab 3, App. Tabs 1, 2. He filed an appeal with the D.C. Office of Employee Appeals and received an initial decision finding that the RIF was conducted properly pursuant to the D.C. Code

and applicable regulations and upholding his separation during the RIF process. *Id.*, App. Tab 3. His petition for review of that decision was denied by the D.C. Superior Court by order dated June 26, 2013. *Id.*, App. Tab 3.

The appellant filed an appeal with the Board, which the agency moved to dismiss for lack of jurisdiction, since the Board has no jurisdiction over employees of the government of the District of Columbia like the appellant. AF, Tab 5; *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129 (D.C. Cir. 1985). The agency also argued that the Board lacked jurisdiction over this matter as a VEOA appeal because the appellant conceded he had not first filed a complaint with the Department of Labor before coming to the Board. AF, Tab 5. I issued a show-cause order notifying the appellant of these jurisdictional issues and giving him the opportunity to provide additional evidence and argument on these issues. AF, Tab 6. The appellant responded to the order, arguing that the Board has jurisdiction over this appeal pursuant to the VEOA. AF, Tab 7.

## ANALYSIS AND FINDINGS

As an employee of the government of the District of Columbia, the appellant is not an employee in the Federal civil service within the meaning of the applicable statute. 5 U.S.C. § 2105; *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129 (D.C. Cir. 1985). He thus has no appeal rights to the Board, but instead has rights pursuant to the District of Columbia's personnel system, which he pursued.

Under the VEOA, the Board can hear appeals of preference-eligible veterans who allege a violation of their rights pursuant to a statute or regulation relating to veteran's preference. The VEOA itself does not create or establish any kind of veteran's preference; rather, it establishes a mechanism for addressing alleged violations of an individual's right to such preference under

other statutes and regulations. *See, e.g., Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, 652 (2006) (VEOA only prohibits an agency from denying a preference eligible the opportunity to compete; it does not provide that veterans will be considered for positions for which they are not qualified). *See also Easter v. Department of the Army*, 99 M.S.P.R. 288 (2005); *Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98 (2000).

To establish VEOA jurisdiction over an appeal concerning a complaint filed under 5 U.S.C. § 3330a(a)(1)(A), the appellant must, among other things, establish that he exhausted his Department of Labor remedy by filing a complaint with the Secretary of Labor and that the Secretary was unable to resolve his complaint within 60 days or has issued written notification that the Secretary's efforts have not resulted in the resolution of the complaint. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646 (2006); *Aguilar v. U.S. Postal Service*, 102 M.S.P.R. 102 (2006). Here the appellant concedes that he did not file a complaint with the Department of Labor. AF, Tab 3 at 6. The Board thus lacks jurisdiction over his appeal insofar as it constitutes a claim pursuant to the VEOA.

## DECISION

The appeal is DISMISSED for lack of Board jurisdiction.

FOR THE BOARD:                    Sarah P Clement

Sarah P. Clement
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on NOV - 1 2013 _____, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board.

However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## **Criteria for Granting a Petition or Cross Petition for Review**

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than

12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R.

§ 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date this initial decision becomes final.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Mail

Johnny L. Milligan
13126 Pelfrey Lane
Fairfax, VA 22033

<u>Agency Representative</u>

Electronic Mail

Frank J. McDougald, Esq.
Government of the District of Columbia
441 4th street NW Suite 1180 South
Washington, DC 20001

September 27, 2013
(Date)

Tonya Holman
Legal Assistant

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHNNY L. MILLIGAN,<br>Appellant, | DOCKET NUMBER<br>DC-0351-13-1299-I-1 |
| v. | |
| GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA,<br>Agency. | DATE: August 11, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Johnny L. Milligan, Fairfax, Virginia, pro se.

Frank J. McDougald, Esquire, washington dc, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was employed by the District of Columbia government as a support services specialist in its Office of Planning. He was separated by a reduction in force effective September 11, 2009. Initial Appeal File (IAF), Tab 3, Subtab 1. The appellant appealed his separation to the District of Columbia Office of Employee Appeals (OEA) on September 4, 2009. OEA issued an October 11, 2011 initial decision upholding the appellant's separation, and the appellant's petition for review of that decision was denied by the Superior Court of the District of Columbia on June 26, 2013. IAF, Tab 3, Subtabs 3 & 3a.

¶3        The appellant filed a Board appeal on July 29, 2013. IAF, Tab 1. He alleged, inter alia, that his veterans' preference rights had been violated. *Id.* at 6. The agency moved to dismiss the appeal for lack of jurisdiction, arguing both that the appellant was not an "employee" with Board appeal rights and that he did not first file a complaint with the Department of Labor (DOL) regarding his Veterans Employment Opportunities Act of 1998 (VEOA) claim as is required in order to establish Board jurisdiction. IAF, Tab 5 at 8-9.

¶4        In response to an order to show cause, the appellant argued that the Board has jurisdiction based upon alleged prohibited personnel practices, including

whistleblower retaliation. IAF, Tab 3 at 3-4. He also stated that the Board should exercise jurisdiction over his VEOA claim. He admitted that he did not file a complaint with DOL concerning his VEOA claim but stated that his failure to file was due to lack of notice regarding the filing requirements. *Id*. at 6.

¶5        The administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction because the appellant was not an employee in the federal civil service and because he did not first file his VEOA claim with DOL. IAF, Tab 8, Initial Decision. On review, the appellant argues that the reduction in force notice he received was inadequate and that the agency committed prohibited personnel practices. Petition for Review (PFR) File, Tab 3 at 6-8. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5. The appellant has filed a reply in which he argues, inter alia, that the agency failed to notify him of his appeal rights as a whistleblower. PFR File, Tab 6 at 5.

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). For the purposes of Title 5 and for the Board's jurisdiction, unless specifically modified, an "employee" means an individual appointed in the civil service. 5 U.S.C. § 2105(a)(1). Additionally, OEA was established beginning in December 1980 to adjudicate District of Columbia employee appeals locally, as opposed to on a federal level. *See District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129, 130-31 (D.C. Cir. 1985). The appellant pursued his appeal rights as a District of Columbia employee through OEA and the Superior Court of the District of Columbia. IAF, Tab 3 at 17-29. Although the appellant claims jurisdiction because he was a District of Columbia employee, he does not contend that he was employed in the federal civil service. *See id*. at 3. Employees of the Government of the District of Columbia do not come within the statutory definitions set forth in 5 U.S.C. § 2101 ("civil service"), 5 U.S.C. § 2105 ("employee"), and 5 U.S.C.

§ 2103 ("excepted service"); nor do they have appeal rights to the Board. *Cyrus v. Government of the District of Columbia*, 25 M.S.P.R. 396, 397 n.* (1984). The Board therefore does not have jurisdiction over this case.[2]   *See* 5 U.S.C. §§ 1221(a), 2105(a)(1), 7511(a)(1).

¶7      Thus, we conclude that the administrative judge correctly dismissed this appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] To the extent that the appellant is attempting to bring an individual right of action (IRA) appeal alleging whistleblower reprisal, the right to file an IRA appeal is limited to employees, former employees, or applicants for employment, and the appellant does not qualify for the reasons explained above. *See* 5 U.S.C. § 1221(a). Moreover, the appellant argues that the Office of Special Counsel (OSC) has jurisdiction over this case but does not dispute that he failed to exhaust his administrative remedies before OSC as is required for Board jurisdiction over an IRA appeal. IAF, Tab 3 at 3; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Similarly, to the extent that the appellant is attempting to bring a VEOA claim, and without reaching the issue of whether the appellant is a preference eligible, the Board lacks jurisdiction over such a claim because the appellant admits that he has not exhausted his remedy with DOL as is mandatory prior to exercise of Board jurisdiction. IAF, Tab 7 at 6; *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 9 (2003). We also note that the appellant's claims of prohibited personnel practices would not provide a basis for Board jurisdiction, even if the appellant met the statutory definition of "employee." *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd* 681 F.2d 867, 871-73 (D.C. Cir. 1982).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:

/s/ William D. Spencer
Clerk of the Board

Washington, D.C.